IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01957-PAB-MEH

UNIQUE PET CARE ENTERPRISES LLC, and
AMY JOHNSON,

    Plaintiffs,

v.

LOGOGENIES.COM,
ARTNARTSTUDIO.COM,
VISUALARTPROS.COM,
FLUX AGENCY, and
JOHN DOES 1-20,

    Defendants.

---

# ORDER

---

This matter comes before the Court on defendants' Motion for Attorneys' Fees and Costs [Docket No. 27]. Plaintiffs filed a response, and defendants filed a reply. Docket Nos. 29, 30.

## I. BACKGROUND

On July 16, 2024, plaintiffs filed this case against defendants, asserting that the Court has jurisdiction pursuant to 28 U.S.C. § 1338 because defendants allegedly "engaged in federal trademark fraud and have impersonated federal officials in positioning fraudulent fees under the color of official correspondence from [the United

States Patent and Trademark Office]".[1]  Docket No. 1 at 2, ¶ 4.  Section 1338 provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."  28 U.S.C. § 1338(a).  It provides that the "district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws."  § 1338(b).  The complaint included claims for "Fraud" (Count One); "Misrepresentation" (Count Two); "Unjust Enrichment" (Count Three); "Conversion" (Count Four); "Deceptive Trade" (Count Five); and "Negligence" (Count Seven).  Docket No. 1 at 7-13.  The complaint does not allege the legal bases for these claims.  *See id.*  The complaint also includes claims for "Impersonating a Federal Officer with Intent to Defraud" pursuant to 18 U.S.C. § 912 (Count Six); and for "Practicing Law Without a License" pursuant to 37 C.F.R. § 11.14 (Count Eight).  *Id.* at 11-12; 13.

On November 21, 2024, defendants moved to dismiss plaintiffs' claims pursuant to Rule 12(b)(1), (b)(2), and (b)(6).  *See* Docket No. 10.  Defendants contended that plaintiffs cannot rely on 28 U.S.C. § 1338 for jurisdiction, and that, "[o]ut of the Complaint's eight counts . . . only two arguably reference federal law."  *Id.* at 13.  Defendants contend that plaintiffs' claims referencing federal law "don't exist as civil causes of action," that plaintiffs "allege no injury and therefore lack standing," and plaintiffs fail to state a claim pursuant to federal law.  *Id.* at 13, 15-16.  Defendants argued that the Court lacks personal jurisdiction over defendants and plaintiffs failed to

---

[1] This case was reassigned to the undersigned on November 27, 2024.  Docket No. 17.

2

properly serve defendants. *Id.* at 16, 21. Finally, defendants argued that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* at 22.

On December 4, 2024, plaintiffs filed a voluntary notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Docket No. 22. On December 5, 2024, defendants objected to the notice of dismissal, arguing that the filing of the motion to dismiss precluded plaintiffs from filing a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). Docket No. 24. On December 9, 2024, the Court found that plaintiffs' notice of dismissal was effective upon filing because defendants had not filed an answer or motion for summary judgment. Docket No. 26. On December 17, 2024, defendants filed the instant motion for attorneys' fees. Docket No. 27.

## II. ANALYSIS

Defendants move for an award of attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201.[2] Docket No. 27 at 4. Section 13-17-201 provides in relevant part:

> (1) In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.
>
> . . .
>
> (2) Subsection (1) of this section does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or

---

[2] Defendants cite Colo. Rev. Stat. § 13-16-10 in support of their motion. *See* Docket No. 27 at 1. The Court assumes that defendants are referring to § 13-16-113, which is § 13-17-201's "companion cost statute." *See Crandall v. City of Denver*, 238 P.3d 659, 662 (Colo. 2010). Defendants contend that the analysis for §§ 13-17-201 and 13-16-113 "is the same for both statutes." Docket No. 27 at 1 n.1.

> United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States.

Colo. Rev. Stat. § 13-17-201.

As an initial matter, putting aside the fact that this Court did not dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b), it is not clear whether Colo. Rev. Stat. § 13-17-201 is applicable. "Because fees statutes are deemed substantive in the Tenth Circuit Court of Appeals," § 13-17-201 "applies when a federal court dismisses Colorado state tort claims under Fed. R. Civ. P. 12(b)." *Goode v. Gaia, Inc*, No. 20-cv-00742-DDD-KAS, 2025 WL 545948, at *2 (D. Colo. Feb. 19, 2025), *report and recommendation adopted sub nom.* 2025 WL 1568033 (D. Colo. Mar. 18, 2025). Because the complaint does not cite a legal basis for plaintiffs' tort claims, the Court cannot determine whether § 13-17-201 governs the award of attorneys' fees. *See* Docket No. 1 at 7-13.

However, even if § 13-17-201 were applicable, the Court finds that defendants are not entitled to attorneys' fees under this statute.[3] The Court did not dismiss plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b). Rather, plaintiffs filed a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Docket No. 22. As defendants acknowledge, *see* Docket No. 27 at 5, "[b]y its terms, [§ 13-17-201] does not apply to all pretrial dismissals, and by implication it allows a plaintiff to avoid liability for a

---

[3] Defendants also cite Fed. R. Civ. P. 54(d)(2) in support of their motion for "attorneys' fees and costs." *See* Docket No. 27 at 1. To the extent that defendants move for an award of costs, defendant fail to comply with D.C.COLO.LCivR 54.1, which provides that "[a] bill of costs shall be filed on the form provided by the court . . . no later than 14 days after entry of the judgment or final order." The Court finds that defendants provide no basis for an award of attorneys' fees for the reasons discussed below.

4

defendant's attorney fees by the simple expedient of seeking a voluntary dismissal of the action under C.R.C.P. 41(a)." *Emps. Ins. of Wausau v. RREEF USA Fund-II (Colorado), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991); *see also Orvis v. Seiber*, 2024 WL 4022064, at *10 (Colo. App. May 23, 2024) (Colo. Rev. Stat. § 13-17-201 "generally allows a plaintiff to escape liability for a defendant's attorney fees by seeking voluntary dismissal"). Accordingly, the Court will deny defendants' motion for attorneys' fees and costs.

Defendants, in the alternative to an award of attorneys' fees and costs, request the following:

> To the extent the Court is inclined to apply the shaky voluntary dismissal exception to bar Defendants' request for relief herein, Defendants respectfully request the Court certify the following question . . . to the Supreme Court of Colorado pursuant to Colorado Appellate Rule 21.1: "Does Colo. Rev. Stat. § 13-17-201 allow a plaintiff to avoid liability for attorneys' fees by voluntarily dismissing its action after the defendant has incurred substantial expense to prepare and file a Rule 12(b) motion that would have been granted, particularly when the plaintiff re-files the same action in another court on the same day?"

Docket No. 27 at 8.

Rule 21.1 of Colorado's Rules of Appellate Procedure permits the Colorado Supreme Court to answer a question of law certified to it by a United States district court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the [Colorado] Supreme Court." Colo. App. R. 21.1(a). Such relief is discretionary and will not be granted in every case that raises "an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). If a district court sees a "reasonably clear and principled course" to deciding an issue of state law, even if

5

there is an "arguably unsettled question of state law," certification is not warranted. *Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 839 (10th Cir. 2018).

Defendants argue for certification on the basis that the Colorado Court of Appeal's holding in *Emps. Ins. of Wausau* – that a plaintiff is not obligated to pay attorneys' fees pursuant to § 13-17-201 if he or she files a notice of voluntary dismissal prior to a court ruling on a Rule 12(b) motion – has been "called into question." *See* Docket No. 27 at 6. Specifically, defendants note, *see* Docket No. 27 at 6, that the Colorado Supreme Court in *Crandall v. City of Denver* held that "the express statutory language of sections 13–16–113(2) and 13–17–201 mandate awards of costs and attorney fees to the defendant in the event that a plaintiff's tort action is dismissed pre-trial on a C.R.C.P. 12(b) motion to dismiss, and the unambiguous nature of this mandate is supported by the legislative history." 238 P.3d 659, 665 (Colo. 2010). *Crandall* rejected plaintiff's proposed exception to the mandatory award of attorneys' fees under § 13-17-201: that an award of attorneys' fees should "be reduced to exclude all attorney fees and costs incurred by the defendant for work that may also be useful in companion or overlapping matters." *See id.* at 661-62. *Crandall* discussed *Emps. Ins. of Wausau* in reaching its holding, acknowledging that "one division of the court of appeals has permitted an exception to the absolute nature of § 13-17-201." *See id.* at 664. *Crandall* distinguished *Emps. Ins. of Wausau*, explaining that *Emps. Ins. of Wausau*, "even if correctly decided, involved the unique circumstance – non-existent here – in which the plaintiff promptly confessed the motion to dismiss, preventing additional defense expenditures." *See id.* at 665. Defendants contend that, since

6

*Crandall*, the Colorado Court of Appeals "seem to take a more hardline stance on judicially created exceptions." Docket No. 27 at 7.

As stated above, it is unclear whether § 13-17-201 applies because plaintiffs do not identify the state law pursuant to which they bring their tort claims. Even if Colorado law governs the award of attorneys' fees in this case, the Court would decline to exercise its discretion to certify defendants' proposed question to the Colorado Supreme Court. Neither the Colorado Court of Appeals nor the Colorado Supreme Court has found *Emps. Ins. of Wausau*'s holding to be inapplicable in the 34 years since *Emps. Ins. of Wausau*'s publication. The fact that Colorado courts, in dicta, have allegedly "called into question" *Emps. Ins. of Wausau*'s holding does not mean that certification is warranted. The Court finds that Colorado law governing § 13-17-201 provides "a reasonably clear and principled course for the resolution of the issues raised by the parties in this case." *Franco v. McLeish*, No. 21-cv-01736-MDB, 2022 WL 16924010, at *2 (D. Colo. Nov. 14, 2022) (internal quotation and citation omitted). Accordingly, the Court will deny defendants' request to certify the proposed question to the Colorado Supreme Court.[4]

---

[4] For the first time in reply, defendants argue that the Court "can and should award fees and costs under Rule 41(d)." *See* Docket No. 30 at 3. The Court will not consider these arguments because defendants raised them for the first time in a reply. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)). Even if the Court were to consider this argument, the Court does not have the ability to awards costs pursuant to Fed. R. Civ. P. 41(d). Fed. R. Civ. P. 41(d) applies where a plaintiff "who previously dismissed an action in any court files an action based on or including the same claim against the same defendant." *See* Fed. R. Civ. P. 41(d). Defendants do not allege that plaintiffs filed this action previously, but rather allege that "Plaintiffs dismissed the case in this Court and continued to cause additional expenditure for defendants in another court." *See* Docket No. 27 at 5. Therefore, the proper forum for defendants to seek costs pursuant to Fed.

III.     **CONCLUSION**

Therefore, it is

**ORDERED** that defendants' Motion for Attorneys' Fees and Costs [Docket No. 27] is **DENIED**.

DATED September 2, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

R. Civ. P. 41(d) is where plaintiffs have filed their successive action.  *See Glovebox Techs. Inc. v. Da Cruz*, No. 23-cv-01222-NYW-STV, 2025 WL 316559, at *3 (D. Colo. Jan. 28, 2025) ("this Court concludes that the language of Rule 41(d) is clear and unambiguous – it is limited to a successive action filed by 'a plaintiff who previously dismissed an action in any court'") (quoting Fed. R. Civ. P. 41(d)); *Lyons v. Dish Network L.L.C.*, No. 13-cv-00192-RM-KMT, 2013 WL 5637992, at *1 (D. Colo. Oct. 15, 2013) (a party moving for costs under Fed. R. Civ. P 41(d) must show that "a plaintiff's previous action was dismissed") (internal quotations and citations omitted).